JOURNAL ENTRY AND OPINION.
{¶ 1} Pursuant to R.C. 2945.67,[1] the state of Ohio appeals the judgment of the trial court which dismissed the indictment issued against J.B. Johnson due to the state's failure to preserve drug residue seized at the time of defendant's arrest in 1992. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} On November 10, 1992, defendant was indicted for possession of less than the bulk amount of cocaine, with a violence specification. Also in 1992, the Cleveland Police issued a forensic laboratory report which determined that a film vial, a glass stem container and a plastic packet each tested positive for cocaine.
 {¶ 3} On December 2, 1992, a capias was issued for defendant. By 2002, he returned to the jurisdiction and prosecution of the case resumed. On December 12, 2002, the trial court granted a defense motion for independent laboratory analysis of the evidence. The police subsequently informed defendant that the drugs had been destroyed and could not be retested, and the defense, in turn moved to dismiss the indictment. In opposition to the motion, the state informed the trial court that the drugs had been destroyed due to the amount of time which had passed since defendant's arrest, and were not destroyed in bad faith. The trial court determined that the destruction of the evidence was "greatly prejudicial" to the defense and it dismissed the indictment. The state now appeals[2] and assigns a single error for our review.
 {¶ 4} The state's assignment of error is as follows:
 {¶ 5} "As a matter of law, the trial court erred by granting the defendant's motion to dismiss."
 {¶ 6} Within this assignment of error, the state asserts that there was no violation of defendant's due process rights and that pursuant to the clear dictates of Arizona v. Youngblood (1988), 488 U.S. 51,109 S.Ct. 333, 102 L.Ed.2d 281, dismissal of the indictment was not warranted. We agree.
 {¶ 7} With regard to procedure, we note that a judgment dismissing an indictment on the ground that the government failed to preserve exculpatory evidence is reviewed de novo. See United States v. Jobson,102 F.3d 214, 217 (6th Cir. 1996); United States v. Wright, 260 F.3d 568,570 (6th Cir. 2001).
 {¶ 8} With regard to the substantive law, we note that under the Due Process Clause, the Supreme Court has repeatedly recognized an accused's constitutionally guaranteed right of access to evidence.California v. Trombetta, 467 U.S. 479, 485, 81 L.Ed.2d 413,104 S.Ct. 2528 (1984); United States v. Valenzuela-Bernal, 458 U.S. 858, 867,73 L.Ed.2d 1193, 102 S.Ct. 3440 (1982)). Under Brady v. Maryland, 373 U.S. 83,87, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963), the suppression of material, exculpatory evidence violates a defendant's due process rights, irrespective of the good faith or bad faith of the prosecution. However, where the government fails to preserve evidence which has not been shown to be exculpatory value and which is only "potentially useful" to defendant, a three-part test is applied. Arizona v. Youngblood,488 U.S. 51, 57-58, 102 L.Ed.2d 281, 109 S.Ct. 333 (1988). In this instance, the defendant must show: (1) that the government acted in bad faith in failing to preserve the evidence; (2) that the exculpatory value of the evidence was apparent before its destruction; and (3) that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other reasonably available means. Id.,488 U.S. at 57-58; Trombetta, 467 U.S. at 488-89. The first two elements of this tripartite test are inter-connected, as "[t]he presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Youngblood,488 U.S. at 56-57 n. *. To establish bad faith, then, a defendant must demonstrate "official animus" or a "conscious effort to suppress exculpatory evidence." Trombetta, 467 U.S. at 488.
 {¶ 9} Thus, unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law. Arizona v. Youngblood,supra, 488 U.S. at 58; 109 S.Ct. At 337. Rather, as the Court explained:
"* * * `[w]henever potentially exculpatory evidence is permanently lost, courts face the treacherous task of divining the import of materials whose contents are unknown and, very often, disputed.' [We are unwilling] to read the "fundamental fairness" requirement of the Due Process Clause, see Lisenba v. California, 314 U.S. 219, 236 (1941), as imposing on the police an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution. We think that requiring a defendant to show bad faith on the part of the police both limits the extent of the police's obligation to preserve evidence to reasonable bounds and confines it to that class of cases where the interests of justice most clearly require it, i.e., those cases in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." Id.
 {¶ 10} Finally, under the Trombetta standard, it is the accused who bears the burden of proof on both the exculpatory value of the evidence and that the evidence cannot be obtained by other reasonable methods. Id. at 489-490.; City of Columbus v. Forest (1987),36 Ohio App.3d 169, 171-172, 522 N.E.2d 52. Where, however, the state breaches its duty to respond in good faith to a defense request to preserve evidence, the burden shifts to the state to prove the exculpatory value of the evidence. Id., citing 2 LaFave Israel, Criminal Procedure (1984, Supp. 1987), Section 19.5, at 107, fn. 65.5.
 {¶ 11} In this case, the defense did not demonstrate that the missing evidence was exculpatory. Rather, previous testing indicated that the materials had tested positive for cocaine, and that the missing evidence was, therefore, inculpatory rather than exculpatory. Thus, while further independent testing may have been "potentially useful" to the defense, we cannot conclude that "materially exculpatory" evidence was destroyed. Further, the record demonstrates that the evidence was destroyed simply due to the length of time for which it had been held, in accordance with routine police practice, and not due to any bad faith on the part of the police. Accordingly, we hold that the destruction of the evidence in this matter did not arise to the level of a violation of defendant's right to due process of law, and the trial court therefore erred as a matter of law in dismissing the indictment against him.
 {¶ 12} Defendant additionally asserts that this matter was correctly dismissed because R.C. 2925.51(E), which provides for an accused to obtain an independent analysis of the alleged contraband, was violated in this matter. We note, however, that R.C. 2925.51 does not provide a sanction for the state's failure to provide a sample for independent analysis. State v. Smith (March 16, 1994), Ohio 9th App. No. 93CA005585. Violations of R.C. 2925.51 are evaluated under the Arizonav. Youngblood, supra, standard for due process violations. Id. Thus, in the absence of a due process violation, there was no statutory basis for dismissal. Accord State v. Smith, supra; State v. Christian (Dec. 17, 1999), Ohio 2nd App. No. 17824. The state's assignment of error is well-taken, and we therefore reverse and remand this matter for further proceedings.
KENNETH A. ROCCO, A.J., and ANTHONY O. CALABRESE, JR., J., concur.
[1] R.C. 2945.67(A)provides: "A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * *." (Emphasis added.)
[2] Motion No. 351297, filed on August 4, 2003, in which defendant-appellee J.B. Johnson seeks leave to file an answer brief instanter, and to participate in oral argument, is granted.